# Mississippi Electronic Courts
## Nineteenth Chancery Court District (Jones Chancery Court - Laurel)
## CIVIL DOCKET FOR CASE #: 34CH2:23-cv-00229
### Internal Use Only
### <u>Edit Case Data</u>
### <u>Edit Case Participants</u>

---

HOWARD INDUSTRIES, INC v. CALOGRIDES
Assigned to: Billie Graham

**Upcoming Settings:**
▦ [2] Hearing on Injunction/TRO: 05/09/2023 - 09:00 AM - Jones
County Chancery Court

Date Filed: 04/21/2023
Current Days Pending: 17
Total Case Age: 17
Jury Demand: None
Nature of Suit: Other Contract (47)

---

<u>Plaintiff</u>

**HOWARD INDUSTRIES, INC**

represented by **Richard L Yoder**
Gilchrist Sumrall Yoder & Boone, PLLC
P. O. Box 106
415 North Magnolia Street, Suite 400
LAUREL, MS 39441
601-649-3351
Fax: 601-426-9625
Email: rly@laurellaw.com
*ATTORNEY TO BE NOTICED*

V.

<u>Defendant</u>

**STEPHEN CALOGRIDES**

| Date Filed | # | | Docket Text |
|---|---|---|---|
| 04/21/2023 | ◔ ✎ ✐ ☎ <u>1</u> | ▤ | Civil Cover Sheet. (Brown, Jeannetta) (Entered: 04/21/2023) |
| 04/21/2023 | ◔ ✎ ✐ ▦▥ ☎ <u>2</u> | ▤ | COMPLAINT FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND/OR APPLICATION FOR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION AND OTHER RELIEF (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit, # <u>3</u> Exhibit, # <u>4</u> Exhibit,) (Brown, Jeannetta) (Entered: 04/21/2023) |
| 04/21/2023 | ◔ ✎ ✐ ☎ <u>3</u> | ▤ | SUMMONS RULE 4 Issued for service upon STEPHEN CALOGRIDES. (Brown, Jeannetta) (Entered: 04/21/2023) |
| 04/21/2023 | ◔ ✎ ✐ ☎ <u>4</u> | ▤ | (Court only) Filing fee: $ 158.00, Method of Payment: Check, Paid By: RICHARD YODER, Remarks: n/a. (Brown, Jeannetta) (Entered: 04/21/2023) |

## Select Event

Account Transaction - Chancery
ADR Documents

Go to Event



of Mississippi County of Jones
Second Judicial District

I, Bart Gavin, Chancery Clerk in and for said County and State, do
hereby certify that the above and foregoing is a true and correct
copy of said instrument as same appears of record on file in the
office of the Chancery Clerk at Laurel, Jones County, Mississippi.
Given under my hand and official seal, this the _____ day of
_____ A.D. 20____
BART GAVIN, Chancery Clerk
Jones County, Mississippi
By_____



# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party*
*Prior to Filing of Pleading)*

Case: 34CH2:23-cv-00229

**Court Identification Docket #**

| County # | Judicial District | Court ID (CH, CI, CO) |
|---|---|---|
| 3 | 4 | 2 |

Filed: 02/21/2023

| Month | Date | Year |
|---|---|---|
| 0 4 | 2 1 | 2 3 |

**Page** Docket Number

| | | |
|---|---|---|
| 0 | 2 2 | 9 |

Local Docket ID

Mississippi Supreme Court         Form AOC/01
Administrative Office of Courts         (Rev 2020)

Month   Date   Year
This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the CHANCERY ▼ Court of JONES ▼ County — SECON[▼] Judicial District

## Origin of Suit (Place an "X" in one box only)
- ☒ Initial Filing
- ☐ Remanded
- ☐ Reinstated
- ☐ Reopened
- ☐ Foreign Judgment Enrolled
- ☐ Joining Suit/Action
- ☐ Transfer from Other court
- ☐ Appeal
- ☐ Other

## Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

**Individual**

_____   _____   _____   ___   ___
Last Name          First Name         Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Plainitiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Planitiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

**Business** Howard Industries, Inc.

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Planitiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

**Address of Plaintiff** P.O. BOX 1588, Laurel, MS 39441-1588

**Attorney (Name & Address)** Richard L. Yoder, P.O. BOX 106, Laurel, MS 39441-0106         **MS Bar No.** 6640

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: *Richard L. Yoder*

## Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

**Individual** Caloarides         Stephen

Last Name          First Name         Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

**Business** _____

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

**Attorney (Name & Address) - If Known** _____         **MS Bar No.** _____

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

## Nature of Suit (Place an "X" in one box only)

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| ☐ Child Custody/Visitation | ☐ Accounting (Business) | ☐ Adoption - Contested | ☐ Adverse Possession |
| ☐ Child Support | ☐ Business Dissolution | ☐ Adoption - Uncontested | ☐ Ejectment |
| ☐ Contempt | ☐ Debt Collection | ☐ Consent to Abortion | ☐ Eminent Domain |
| ☐ Divorce:Fault | ☐ Employment | ☐ Minor Removal of Minority | ☐ Eviction |
| ☐ Divorce: Irreconcilable Diff. | ☐ Foreign Judgment | ☐ Other _____ | ☐ Judicial Foreclosure |
| ☐ Domestic Abuse | ☐ Garnishment | | ☐ Lien Assertion |
| ☐ Emancipation | ☐ Replevin | **Civil Rights** | ☐ Partition |
| ☐ Modification | ☐ Other _____ | ☐ Elections | ☐ Tax Sale: Confirm/Cancel |
| ☐ Paternity | | ☐ Expungement | ☐ Title Boundary or Easement |
| ☐ Property Division | **Probate** | ☐ Habeas Corpus | ☐ Other _____ |
| ☐ Separate Maintenance | ☐ Accounting (Probate) | ☐ Post Conviction Relief/Prisoner | |
| ☐ Term. of Parental Rights-Chancery | ☐ Birth Certificate Correction | ☐ Other _____ | **Torts** |
| ☐ UIFSA (eff 7/1/97; formerly URESA) | ☐ Mental Health Commitment | **Contract** | ☐ Bad Faith |
| ☐ Other _____ | ☐ Conservatorship | ☐ Breach of Contract | ☐ Fraud |
| | ☐ Guardianship | ☐ Installment Contract | ☐ Intentional Tort |
| **Appeals** | ☐ Joint Conservatorship & Guardianship | ☐ Insurance | ☐ Loss of Consortium |
| ☐ Administrative Agency | ☐ Heirship | ☐ Specific Performance | ☐ Malpractice - Legal |
| ☐ County Court | ☐ Intestate Estate | ☒ Other Injunction | ☐ Malpractice - Medical |
| ☐ Hardship Petition (Driver License) | ☐ Minor's Settlement | **Statutes/Rules** | ☐ Mass Tort |
| ☐ Justice Court | ☐ Muniment of Title | ☐ Bond Validation | ☐ Negligence - General |
| ☐ MS Dept Employment Security | ☐ Name Change | ☐ Civil Forfeiture | ☐ Negligence - Motor Vehicle |
| ☐ Municipal Court | ☐ Testate Estate | ☐ Declaratory Judgment | ☐ Premises Liability |
| ☐ Other _____ | ☐ Will Contest | ☐ Injunction or Restraining Order | ☐ Product Liability |
| | ☐ Alcohol/Drug Commitment (Involuntary) | ☐ Other _____ | ☐ Subrogation |
| | | | ☐ Wrongful Death |
| | | | ☐ Other _____ |

☐ Alcohol/Drug Commitment (Voluntary)
☐ Other



State of Mississippi, County of Jones
Second Judicial District
I, Bart Gavin, Chancery Clerk in and for said County and State, do
hereby certify that the above and foregoing is a true and correct
copy of above instrument as same appears of record on file in the
office of the Chancery Clerk at Laurel, Jones County, Mississippi.
Given under my hand and official seal, this the ___4___ day of
___June___ A.D. 20_23_
                    BART GAVIN, Chancery Clerk,
                    Jones County, Mississippi
By_____

IN THE CHANCERY COURT OF THE SECOND JUDICIAL DISTRICT OF JONES
COUNTY, MISSISSIPPI

**HOWARD INDUSTRIES, INC.**                                          **PLAINTIFF**

**VERSUS**                          CAUSE NO. 2023-0227

**STEPHEN CALOGRIDES**                                          **DEFENDANT**

<u>**COMPLAINT FOR EMERGENCY TEMPORARY RESTRAINING
ORDER AND/OR APPLICATION FOR PLELIMINARY INJUNCTION AND
PERMANENT INJUNCTION AND OTHER RELIEF**</u>

COMES NOW the Plaintiff, Howard Industries, Inc., by and through the

undersigned counsel, and files this *Complaint for Emergency Temporary Restraining*

*Order and/or Application for Preliminary Injunction and Permanent Injunction and*

*Other Relief* against Stephen Calogrides, a former employee of Howard Industries, Inc.

and in support of said *Complaint* would show unto this Honorable Court as follows:

**PARTIES, VENUE, AND JURISDICTION**

1.     The Plaintiff is a Mississippi corporation that is qualified to do business in

Mississippi and does business in Jones County, Mississippi.

2.     The Defendant is a former employee of Plaintiff.  Upon information and

belief, Defendant lives in Louisiana and may be served with process at his work address

Mr. Stephen Calogrides, Transformyx, Inc. 3230 W. Esplanade #110, Metairie, Louisiana

70002 or through his attorneys at Nalley, Dew, and Miner at 2450 Severn Avenue, Suite

100, Metairie, Louisiana 70001 or wherever he may be found.

3.   Venue and jurisdiction are proper in Jones County because the Plaintiff is

located in Jones County, Mississippi and pursuant to the Business Protection Agreement,

a true and correct copy of which is attached hereto as Exhibit "A." Defendant agreed:

> **8.    Governing Law and Venue**
>
> This Agreement shall be governed by and interpreted and construed
> in accordance with the laws of the State of Mississippi without
> applying the conflict of laws rules of such State and is deemed to
> have been made and executed in Jones County, Mississippi.
> Employee agrees that any litigation involving this Agreement shall
> be brought exclusively in the Chancery Court, Second Judicial
> District, Jones County, Mississippi, and Employee agrees to the
> jurisdiction thereof and expressly waives any objection to such
> jurisdiction and venue and agrees to subject himself thereto.
> Employee specifically waives any right to trial by jury.

## FACTS

4.  The Plaintiff is a Mississippi based company that builds and sells technology

solutions to other businesses.

5.    The Defendant was an employee of Plaintiff from October 18, 2021 to on

or about October 24, 2022. As part of Defendant's employment with the Plaintiff,

Defendant executed a Business Protection Agreement (the "Agreement"), a true and

correct copy of which is attached hereto as Exhibit "A." The Agreement provides, in

part, the following:

> **3.    Employee Covenants and Assignment**
>
> (a)    Non-Disclosure. Employee acknowledges that all
> Confidential Information is and at all times shall remain the property
> of the company.  During the term of Employee's employment with
> Company and after termination or resignation thereof for any
> reason, Employee will not, except as expressly authorized or
> directed by Company, use, copy, duplicate, transfer, remove from
> Company's premises, transmit or disclose, publish, disseminate,
> lecture upon, or permit any unauthorized person access to, any
> Confidential Information.  Upon request of Company and in any
> event upon the termination of or resignation from employment with
> Company for any reason, Employee shall deliver to Company all
> memoranda, notes, records, tapes, documentation, disks, manuals,

files or other documents, things or property of Company in Employee's possession including, but not limited to, any data, information things, property or documents constituting or containing Confidential Information, without requiring Company to provide any further consideration therefor.

(b)     Non-Solicitation. Employee covenants and agrees that during Employee's employment with Company and during the period of one (1) year following Employee's termination or resignation from Company for any reason that Employee will not, either directly or indirectly, whether as principal or agent, officer, director, employee, advisor, consultant, shareholder or in any other individual or representative capacity: (1) divert or attempt to divert any person, concern or entity which is, has been, or may be furnished goods or services by Company from doing business with Company or otherwise to change its relationship with Company, (2) induce or attempt to induce any customer or supplier of Company to cease being or refuse to become a customer or supplier of Company to cease being or refuse to become a customer or supplier or Company or otherwise change its relationship with Company, (3) solicit, induce, recruit, hire, employ, engage as a consultant or independent contractor, or encourage any of the Company's employees, consultants or independent contractors to leave their employment or contractual relationship with Company either for Employee or on behalf of any other person or entity, or (4) solicit, induce, recruit, hire, employ, engage as a consultant or independent contractor, any employee, consultant or independent contractor qhose employment or retention by Company has ceased within six (6) months prior to the date of such solicitation of hire.

(c)     Non-Competition. Employee covenants and agrees that for a period of one (1) year following Employee's termination or resignation from Company for any reason that Employee will not, within the United States, either directly or indirectly, whether as principal or agent, officer, director, employee, advisor, consultant, shareholder or in any other individual or representative capacity, render services to or for any competitor of Company or engage or participate in the sale and/or distribution of products or services which are competitive to those offered by Company. Employee represents to Company that the enforcement of the restrictions contained in this Section would not be unduly burdensome to Employee and that Employee is willing and able to compete in other product lines and geographic areas not prohibited by this Section.

**7.  Remedies; Injunctive Relief**

Employee agrees that it would be difficult to measure the damage to Company from any breach by Employee of the covenants or other provisions, obligations, limitations or restrictions set forth herein, that injury to Company from any such breach would be impossible to calculate, and that money damages would therefore be an inadequate remedy for any such breach. Accordingly, Employee agrees that in the event of any breach or threatened breach of any term of this Agreement, Company shall be entitled, in addition to and without limitation of all other remedies it may have, to obtain injunctive or other relief to restrain any such breach without showing or proving any actual damage to Company.  Employee agrees that the covenants and other provisions, obligations, limitations and restrictions in this Agreement, including the terms of this Section, shall survive termination or resignation of Employee's employment.

6. At all times relevant, Defendant owed a duty of loyalty and fidelity and to provide honest and faithful services to Plaintiff as well as contractual duties set out in the Agreement.

7. Subsequent to the Defendant's resignation of his employment with Plaintiff, Defendant gained employment with Transformyx, LLC, which provides technology services and which is a direct competitor of Plaintiff. See Linkedin profile of attached hereto as Exhibit "B."

8. On November 21, 2022, the attorney for the Plaintiff mailed a letter to the Defendant, a true and correct copy of which is attached hereto as Exhibit "C", advising Defendant of his violation of the Agreement, and which Defendant acknowledged receipt of by Defendant's email, a true and correct of which is attached hereto as Exhibit "D".

9. The Defendant has continued to willfully violate the Agreement.

## RELIEF REQUESTED

## COUNT I-INJUNCTIVE RELIEF

10. The Plaintiff requests that this Court enter a temporary restraining order, preliminary injunction and/or permanent injunction against the Defendant.

11. Under Miss. R. Civ. P. 65, the Court should consider four different factors in determining whether to order a temporary restraining order and/or injunction: whether (1) there exists a substantial likelihood that the Plaintiff will prevail on the merits; (2) the injunction is necessary to prevent irreparable harm; (3) threatened injury outweighs the harm and injunction might do, and (4) entry of a preliminary injunction is consistent with the public interest. See *City of Durant v. Humphreys County Memorial Hospital/Extended Care Facility,* 587, So.2d 244 (Miss. 1991) (adopting four-part test).

12. The Plaintiff would show unto the Court that the Defendant executed the Agreement by which he expressly agreed to not compete with the Plaintiff.

13. The Plaintiff would show unto the Court that a temporary restraining order and preliminary injunction are necessary to prevent irreparable harm to the Plaintiff. Further, the Plaintiff would show that allowing the Defendant to compete with the Plaintiff would irreparably harm the Plaintiff's business opportunities and business good will.

14. Plaintiff is agreeable, in this instance, to limit the geographical scope of the non-compete to the State of Louisiana in which the Defendant is currently serving and employed in direct competition to the Plaintiff.

15. Notice is not required because the Plaintiff is facing a severe threat to its contractual rights under the Agreement which will result in immediate and irreparable injury, loss, or damage unless the Court grants the Plaintiff its requested relief.

16. For these reasons, the Plaintiff respectfully requests that the Court enter a temporary restraining order, preliminary injunction or permanent injunction against the Defendant.

**COUNT II – ATTORNEY'S FEES**

17. The Plaintiff incorporates and re-alleges all previous paragraphs of this *Complaint.*

18. The Plaintiff respectfully requests that, based on the Agreement governing the relationship between the parties and the relevant statutes involved, and the Defendant's continued and willful violation of the Agreement, the Court award the Plaintiff its reasonable and necessary attorney's fees for having to bring this action to enforce its rights pursuant to the Agreement.

**COUNT III – MOTION FOR EMERGENCY TEMPORARY HEARING**

17. The Plaintiff would show unto the Court that circumstances exist which necessitate a need for a temporary hearing wherein the Court should enter a temporary restraining order.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that the relief sought herein be granted and such other relief to which the Plaintiff may be entitled be also granted.

DATED, this the _21st_ day of April, 2023.

Respectfully submitted,

HOWARD INDUSTRIES, INC.

BY: _____
David Perkins

Attorney for Plaintiff, Howard Industries, Inc.

Richard L. Yoder (MSB #6640)
Gilchrist, Sumrall, Yoder, Yoder, & Leggett, PLLC
415 North Magnolia Street, Suite 400
P.O. Box 106
Laurel, MS 39441-0106
601-649-3351 – phone
601-426-9625 – facsimile
www.laurellaw.com

State of Mississippi, County of Jones
Second Judicial District
I, Bart Gavin, Chancery Clerk in and for said County and State, do
hereby certify that the above and foregoing is a true and correct
copy of above instrument as same appears of record on file in the
office of the Chancery Clerk at Laurel, Jones County, Mississippi.
Given under my hand and official seal, this the _____ day of
_____ A.D. 20___
BART GAVIN, Chancery Clerk,
Jones County, Mississippi
By_____

STATE OF MISSISSIPPI

COUNTY OF JONES

## VERIFICATION

I, David Perkins, Executive Vice President of Sales Education Business, Government and Medical of Howard Technology Solutions, a division of Howard Industries, Inc., the Plaintiff in the above action, after being duly sworn in accordance with law make oath that the matters and things alleged in the above and foregoing Complaint are true and correct to the best of my knowledge, information and belief.

_____
David Perkins on behalf of the Plaintiff

Sworn to and subscribed before me this _21st_ day of April, 2023.

_____
Notary Public

My Commission Expires:

_January 4, 2025_

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID#23204
RICHARD L. YODER
Commission Expires
Jan 4, 2025
JONES COUNTY



# BUSINESS PROTECTION AGREEMENT

WHEREAS, the undersigned, _____ ("Employee"), is, or has been offered a position as, an at-will employee of Howard Industries, Inc. ("Company").

WHEREAS, Employee recognizes and acknowledges that Company is engaged in activities which involve, and continue to involve, the use of skilled experts and the expenditure of substantial amounts of time and money. As a result of such investments of skill, time and money, Company has and/or will develop certain information and knowledge of a confidential and/or proprietary nature which gives or may give Company significant advantages over its competitors. Due to the nature of Employee's employment with Company, Employee has been and/or will be presented with, have access to, and/or participate in the development of, same, has developed or may develop on behalf of Company business-related contacts and has been or will be in a position of trust and confidence with respect to Company's affairs and products, all of which constitute valuable, special and unique assets of Company and any use or disclosure thereof contrary to the terms of this Business Protection Agreement (this "Agreement"), or any actions by Employee contrary to the terms of this Agreement, would cause substantial loss of competitive advantage and other serious injury to Company.

NOW, THEREFORE, in consideration for the employment and/or continued employment of Employee by Company as an at-will employee, and for other good and valuable consideration, the receipt and sufficiency of all of which are hereby acknowledged, Employee does agree to be bound by the covenants and other provisions, obligations, limitations and restrictions contained herein.

1.    Confidential Information.    "Confidential Information" as used herein shall mean, without limitation, any and all information, data, property, things and/or documents of Company or of any customer, supplier or affiliate of Company to which Employee has access to through his or her employment with Company, including but not limited to, the whole or any part or phase of any proprietary information, scientific, technical or business information, design, process, formula, compilation, process, procedure, improvement, invention, plan, technique of production or service, or method or system business plans, methods and procedures, marketing plans, methods and procedures, pricing methods and data, costs, customer lists, product development and manufacture, sources of buying, training methods, techniques of organization, product specifications, prototypes, computer programs, simulations and designs, models, drawings, manufacturing information, processes and systems, operational information processes and systems, trade secrets, and scientific or technical information, designs, processes, formulas, and information which would (to the extent not already covered hereby) constitute a "Trade Secret" under the Mississippi Uniform Trade Secrets Act.

2.    Employee Works.    "Employee Works" as used herein shall mean, without limitation, any and all works of authorship, inventions, discoveries, improvements and work product, whether or not patentable, and in whatever form, which are created, made or developed by Employee either alone or with others during the period of Employee's employment with Company, together with all notes and records kept by Employee in connection therewith or entrusted by Company to Employee and all rights in and under all United States and foreign Letters Patent issued thereon.

3.    Employee Covenants and Assignment.

(a)    Non-Disclosure.    Employee acknowledges that all Confidential Information is and at all times shall remain the property of Company. During the term of Employee's employment with Company and after termination or resignation thereof for any reason, Employee will not, except as expressly authorized or directed by Company, use, copy, duplicate, transfer, remove from Company's premises, transmit or disclose, publish, disseminate, lecture upon, or permit any unauthorized person access to, any Confidential Information. Upon request of Company and in any event upon the termination of or resignation from employment with Company for any reason, Employee shall deliver to Company all memoranda, notes, records, tapes, documentation, disks, manuals, files or other documents, things or property of Company in Employee's possession including, but not limited to, any data, information, things, property or documents constituting or containing Confidential Information, without requiring Company to provide any further consideration therefor.

Page 1 of 3

Employee's initial _____

(b)    Non-Solicitation.  Employee covenants and agrees that during Employee's employment with Company and during the period of one (1) year following Employee's termination or resignation from Company for any reason that Employee will not, either directly or indirectly, whether as principal or agent, officer, director, employee, advisor, consultant, shareholder or in any other individual or representative capacity:  (1) divert or attempt to divert any person, concern or entity which is, has been, or may be furnished goods or services by Company from doing business with Company or otherwise to change its relationship with Company, (2) induce or attempt to induce any customer or supplier of Company to cease being or refuse to become a customer or supplier of Company or otherwise change its relationship with Company, (3) solicit, induce, recruit, hire, employ, engage as a consultant or independent contractor, or encourage any of Company's employees, consultants or independent contractors to leave their employment or contractual relationship with Company either for Employee or on behalf of any other person or entity,  or (4) solicit, induce, recruit, hire, employ, engage as a consultant or independent contractor, any employee, consultant or independent contractor whose employment or retention by Company has ceased within six (6) months prior to the date of such solicitation of hire.

(c)    Non-Competition.  Employee covenants and agrees that for a period of one (1) year following Employee's termination or resignation from Company for any reason that Employee will not, within the United States, either directly or indirectly, whether as principal or agent, officer, director, employee, advisor, consultant, shareholder or in any other individual or representative capacity, render services to or for any competitor of Company or engage or participate in the sale and/or distribution of products or services which are competitive to those offered by Company.  Employee represents to Company that the enforcement of the restrictions contained in this Section would not be unduly burdensome to Employee and that Employee is willing and able to compete in other product lines and geographic areas not prohibited by this Section.

(d)    Assignment of Employee Works.  Employee assigns to Company all right, title and interest in and to any and all Employee Works, including but not limited to all worldwide copyrights, trade secrets, patent rights, and all other property rights therein and agrees to execute any and all additional documents which may be necessary to transfer said rights.  Employee shall do all lawful things necessary to enable Company or its nominee to have full ownership, knowledge and benefit of any such Employee Works including without limitation, by: (a) fully disclosing to Company of any such inventions, discoveries, improvements or work product and all data or information relating thereto, possession or knowledge of which by Employee arises out of Employee's employment with Company, and (b) fully cooperating with Company with respect to the preparation of patent applications, assignments of patents or applications therefore, and signing of all proper documents and papers related to any such applications, assignments or any other papers or documents.

4.    No Prior Agreement.  Employee represents to Company that Employee is not bound by any other contract or agreement that precludes Employee from continuing his/her employment with Company or performing any services Company may request.  Employee further warrants that in connection with his employment by Company or its affiliates that Employee does not possess and/or has not and will not use any confidential or proprietary information, trade secrets and/or other property of any kind which will violate or could result in a violation of any contract, agreement or legal right of any other party.

5.    Employee At-Will.  Employee acknowledges and agrees that although Employee's employment and/or continued employment with Company is contingent upon acceptance and observance of the terms of this Agreement, that this Agreement shall not be construed to change the at-will nature of Employee's employment with Company nor construed in any other way to make Employee's employment with Company other than terminable at-will at any time by Company or Employee.

6.    Scope, Reasonableness and Enforceability.  Employee agrees that the covenants and other provisions, obligations, limitations and restrictions contained in this Agreement, including but not limited to those in Section 3 pertaining to time, geographical area, and scope of activity, are reasonable.  However, if any court shall determine that the covenants and/or other provisions, obligations, limitations and restrictions herein, including but not limited to those in Section 3 pertaining to time, geographical area, and scope of activity, are not enforceable as written herein, it is the intention of Employee that such restrictive covenant and/or other provision, obligation, limitation and/or restriction set forth herein shall not thereby be terminated but shall be deemed amended to the extent required to render it valid and enforceable.  Further, Employee intends that the

Employee's initial _____

covenants and other provisions, obligations, limitations and restrictions contained herein shall be construed as a series of separate covenants by Employee, so that if any covenant and other provision, obligation, limitation or restriction in this Agreement shall be held wholly unenforceable by the final determination of a court of competent jurisdiction, the remaining covenants and other provisions, obligations, limitations and restrictions shall nevertheless be given full effect.

7.    Remedies; Injunctive Relief. Employee agrees that it would be difficult to measure the damage to Company from any breach by Employee of the covenants or other provisions, obligations, limitations or restrictions set forth herein, that injury to Company from any such breach would be impossible to calculate, and that money damages would therefore be an inadequate remedy for any such breach. Accordingly, Employee agrees that in the event of any breach or threatened breach of any term of this Agreement, Company shall be entitled, in addition to and without limitation of all other remedies it may have, to obtain injunctive or other relief to restrain any such breach without showing or proving any actual damage to Company. Employee agrees that the covenants and other provisions, obligations, limitations and restrictions in this Agreement, including the terms of this Section, shall survive termination or resignation of Employee's employment.

8.    Governing Law and Venue. This Agreement shall be governed by and interpreted and construed in accordance with the laws of the State of Mississippi without applying the conflict of laws rules of such State and is deemed to have been made and executed in Jones County, Mississippi. Employee agrees that any litigation involving this Agreement shall be brought exclusively in the Chancery Court, Second Judicial District, Jones County, Mississippi, and Employee agrees to the jurisdiction thereof and expressly waives any objection to such jurisdiction and venue and agrees to subject himself thereto. Employee specifically waives any right to trial by jury.

9.    Assignment. This Agreement shall not be assignable by Employee, but Employee acknowledges that Company shall have the right to assign, with absolute discretion, any or all of its rights under this Agreement (including, without limitation, to the successors and assigns of Company), and this Agreement will inure to the benefit of, and be binding upon, such respective successors and assigns of Company, in the same manner and to the same extent as if such successors and assigns were original parties hereto.

10.    Miscellaneous. This Agreement represents the entire understanding and agreement of the Employee concerning the subject matter hereof and supersedes all prior communication and agreements of Employee concerning the subject matter hereof, whether oral or written, provided that any prior confidentiality or non-disclosure obligation of Employee to Company shall remain in full force and effect. The waiver by Company of a breach of any of the provisions of this Agreement by Employee, nor waiver by Company of a breach of any of the provisions of any other same or similar agreement with any other employee of Company, shall be construed as a waiver of any breach of this Agreement by Employee. No amendment, modification, or waiver of the provisions of this Agreement shall be effective unless in writing and signed by Employee and Company.

BY SIGNING BELOW, EMPLOYEE ACKNOWLEDGES THAT HE/SHE HAS RECEIVED A COPY OF THIS AGREEMENT, HAS READ AND UNDERSTANDS THE PROVISIONS OF THIS AGREEMENT, AGREES THAT THE PROVISIONS OF THIS AGREEMENT ARE REASONABLE, AND VOLUNTARILY AGREES TO ABIDE BY ITS TERMS.

WITNESS MY SIGNATURE, this the 18th day of October, 2021.

EMPLOYEE:                                        WITNESS:

Signature: _____                Signature: _____

Stephen Calogrides                          Becky Athmyer
(Employee Name) – Type or Print        (Witness Name) – Type or Print

Employee's initial _____

Case: 34CH2:23-cv-00229    Document #: 2-2    Filed: 04/21/2023    Page 1 of 1
EXHIBIT B
**Richard L. Yoder**

| | |
|---|---|
| **From:** | David Perkins <david.perkins@howard.com> |
| **Sent:** | Thursday, November 3, 2022 8:09 AM |
| **To:** | Richard Follis |
| **Subject:** | Sent from Snipping Tool |

( Posts )  ( People )  ( Companies )  ( Groups )  ( Jobs )  (



# Stephen Calogrides · 1st

Account Executive at Transformyx, LLC

New Orleans, LA

 85 mutual connections

**View full profile**    ( Message )

Stephen posted · 15h



I'm hap
that I'm
new po:

🔵 24 · 2 Comments

1

## GILCHRIST SUMRALL YODER YODER & LEGGETT, PLLC

### ATTORNEYS AT LAW

SUITE 400, TRUSTMARK NATIONAL BANK BUILDING

415 NORTH MAGNOLIA STREET

**LAUREL, MISSISSIPPI 39440**

STEWART J. GILCHRIST (1925-2014)
WILLIAM W. SUMRALL
RICHARD L. YODER
RICHARD LEWIS YODER, JR.
PARKER F. LEGGETT
RANDY P. LAIRD
WILLIAM LAWRENCE THAMES

MAILING ADDRESS
POST OFFICE BOX 106
LAUREL, MISSISSIPPI 39441-0106

TELEPHONE (601) 649-3351
FACSIMILE (601) 426-0685
WWW.LAURELLAW.COM

November 21, 2022

**VIA REGULAR MAIL & CERTIFIED
MAIL RETURN RECEIPT**
Tracking No:70210950000068152565

Mr. Stephen Calogrides
1109 Dickory Ave.
River Ridge, LA 70123

Re: Business Protection Agreement with Howard Industries, Inc.

Dear Mr. Lee:

Howard Industries, Inc. ("Howard") has forwarded to me for enforcement the Business Protection Agreement ("Agreement") you executed with Howard October 18, 2021. It is Howard's understanding that you may be currently violating the terms, conditions, and obligations of the Agreement. These violations consist of engaging in the soliciting, selling and/or marketing of the same or similar types of products and/or services offered by Howard and by being employed with Transformyx, LLC, a direct competitor of Howard. We are currently investigating the situation and are evaluating our legal options, including bringing any legal action necessary to enforce our rights.

You were advised of these violations by letter from Richard Follis, General Counsel for Howard, on November 3, 2022, true and correct copy of which is enclosed.

You must contract me on or before December 1, 2022, to confirm that you have complied with and continue to comply with the Agreement and to advise me of your current employment and job description and responsibilities. If I do not hear from you by the date stated above, I have been instructed to take appropriate action to enforce the terms of the Agreement.

You may call me at 601 649-3351 or email me at rly@laurellaw.com.

Yours truly,

Richard L. Yoder

ts
enclosure
cc: Richard Follis



P O Box 1588 Laurel, MS 39441  Telephone  601 425-3151  Facsimile  601 425-1595

November 3, 2022

(Via *U.S. Certified Mail* and *Regular U.S. Mail*)

Stephen Calogrides
1109 Dickory Ave
River Ridge, LA 70123

RE:  Business Protection Agreement with Howard Industries, Inc. ("Howard")

Dear Mr. Calogrides:

This follows your recent resignation from Howard and serves as a reminder of the continuing contractual restrictions and obligations owed by you to Howard pursuant to the Business Protection Agreement signed by you on October 18, 2021 ("Agreement"), including those pertaining to soliciting, selling and/or marketing the same or similar types of products and/or services offered by Howard for a period of one year following your employment with the company. A copy of your Agreement is enclosed herewith for your ease of reference.

Based on information we have been provided, it is our understanding that you may be currently employed by a direct competitor of Howard, Transformyx, LLC, and, moreover, may also be engaging in the soliciting, selling and/or marketing of the same or similar types of products and/or services offered by Howard and which you sold in your employment with Howard. As you know, this would be in direct breach of your Agreement.

Based on the foregoing, we demand that you 1) **immediately cease and desist** any unlawful activities which would be in violation of your Agreement, and 2) by the close of business on **Tuesday, November 15, 2022**, provide us with written confirmation of whether you are in fact employed by Transformyx, LLC, and, if so, a description of your job responsibilities along with an explanation of how such employment will not result in the violation of your contractual obligations in the Agreement. We also suggest that you provide a copy of this letter (along with the enclosed copy of your Agreement) to your employer and to your counsel if you are represented

Direct your response to me by email (at rfollis@howard.com). You can also reach me by telephone at the above number. If we do not receive the above information or otherwise hear from you or your representative by the above date, Howard will exercise any and all remedies available to it to protect its interests.

Nothing contained in or omitted from this letter is or shall be deemed to be a limitation, restriction, or waiver of any of Howard's rights or remedies, either at law or in equity.

Sincerely,

Richard Follis
General Counsel

cc: David Perkins

Enclosure

# BUSINESS PROTECTION AGREEMENT

WHEREAS, the undersigned, _____ ("Employee"), is, or has been offered a position as, an at-will employee of Howard Industries, Inc. ("Company").

WHEREAS, Employee recognizes and acknowledges that Company is engaged in activities which involve, and continue to involve, the use of skilled experts and the expenditure of substantial amounts of time and money. As a result of such investments of skill, time and money, Company has and/or will develop certain information and knowledge of a confidential and/or proprietary nature which gives or may give Company significant advantages over its competitors. Due to the nature of Employee's employment with Company, Employee has been and/or will be presented with, have access to, and/or participate in the development of, same, has developed or may develop on behalf of Company business-related contacts and has been or will be in a position of trust and confidence with respect to Company's affairs and products, all of which constitute valuable, special and unique assets of Company and any use or disclosure thereof contrary to the terms of this Business Protection Agreement (this "Agreement"), or any actions by Employee contrary to the terms of this Agreement, would cause substantial loss of competitive advantage and other serious injury to Company.

NOW, THEREFORE, in consideration for the employment and/or continued employment of Employee by Company as an at-will employee, and for other good and valuable consideration, the receipt and sufficiency of all of which are hereby acknowledged, Employee does agree to be bound by the covenants and other provisions, obligations, limitations and restrictions contained herein.

1.    Confidential Information. "Confidential Information" as used herein shall mean, without limitation, any and all information, data, property, things and/or documents of Company or of any customer, supplier or affiliate of Company to which Employee has access to through his or her employment with Company, including but not limited to, the whole or any part or phase of any proprietary information, scientific, technical or business information, design, process, formula, compilation, process, procedure, improvement, invention, plan, technique of production or service, or method or system business plans, methods and procedures, marketing plans, methods and procedures, pricing methods and data, costs, customer lists, product development and manufacture, sources of buying, training methods, techniques of organization, product specifications, prototypes, computer programs, simulations and designs, models, drawings, manufacturing information, processes and systems, operational information processes and systems, trade secrets, and scientific or technical information, designs, processes, formulas, and information which would (to the extent not already covered hereby) constitute a "Trade Secret" under the Mississippi Uniform Trade Secrets Act.

2.    Employee Works. "Employee Works" as used herein shall mean, without limitation, any and all works of authorship, inventions, discoveries, improvements and work product, whether or not patentable, and in whatever form, which are created, made or developed by Employee either alone or with others during the period of Employee's employment with Company, together with all notes and records kept by Employee in connection therewith or entrusted by Company to Employee and all rights in and under all United States and foreign Letters Patent issued thereon.

3.    Employee Covenants and Assignment.

(a)    Non-Disclosure. Employee acknowledges that all Confidential Information is and at all times shall remain the property of Company. During the term of Employee's employment with Company and after termination or resignation thereof for any reason, Employee will not, except as expressly authorized or directed by Company, use, copy, duplicate, transfer, remove from Company's premises, transmit or disclose, publish, disseminate, lecture upon, or permit any unauthorized person access to, any Confidential Information. Upon request of Company and in any event upon the termination of or resignation from employment with Company for any reason, Employee shall deliver to Company all memoranda, notes, records, tapes, documentation, disks, manuals, files or other documents, things or property of Company in Employee's possession including, but not limited to, any data, information, things, property or documents constituting or containing Confidential Information, without requiring Company to provide any further consideration therefor.

Page 1 of 3

Employee's initial _____

(b)    Non-Solicitation.  Employee covenants and agrees that during Employee's employment with Company and during the period of one (1) year following Employee's termination or resignation from Company for any reason that Employee will not, either directly or indirectly, whether as principal or agent, officer, director, employee, advisor, consultant, shareholder or in any other individual or representative capacity:  (1) divert or attempt to divert any person, concern or entity which is, has been, or may be furnished goods or services by Company from doing business with Company or otherwise to change its relationship with Company, (2) induce or attempt to induce any customer or supplier of Company to cease being or refuse to become a customer or supplier of Company or otherwise change its relationship with Company, (3) solicit, induce, recruit, hire, employ, engage as a consultant or independent contractor, or encourage any of Company's employees, consultants or independent contractors to leave their employment or contractual relationship with Company either for Employee or on behalf of any other person or entity,  or (4) solicit, induce, recruit, hire, employ, engage as a consultant or independent contractor, any employee, consultant or independent contractor whose employment or retention by Company has ceased within six (6) months prior to the date of such solicitation or hire.

(c)    Non-Competition.  Employee covenants and agrees that for a period of one (1) year following Employee's termination or resignation from Company for any reason that Employee will not, within the United States, either directly or indirectly, whether as principal or agent, officer, director, employee, advisor, consultant, shareholder or in any other individual or representative capacity, render services to or for any competitor of Company or engage or participate in the sale and/or distribution of products or services which are competitive to those offered by Company.  Employee represents to Company that the enforcement of the restrictions contained in this Section would not be unduly burdensome to Employee and that Employee is willing and able to compete in other product lines and geographic areas not prohibited by this Section.

(d)    Assignment of Employee Works.  Employee assigns to Company all right, title and interest in and to any and all Employee Works, including but not limited to all worldwide copyrights, trade secrets, patent rights, and all other property rights therein and agrees to execute any and all additional documents which may be necessary to transfer said rights.  Employee shall do all lawful things necessary to enable Company or its nominee to have full ownership, knowledge and benefit of any such Employee Works including without limitation, by: (a) fully disclosing to Company of any such inventions, discoveries, improvements or work product and all data or information relating thereto, possession or knowledge of which by Employee arises out of Employee's employment with Company, and (b) fully cooperating with Company with respect to the preparation of patent applications, assignments of patents or applications therefore, and signing of all proper documents and papers related to any such applications, assignments or any other papers or documents.

4.    No Prior Agreement.  Employee represents to Company that Employee is not bound by any other contract or agreement that precludes Employee from continuing his/her employment with Company or performing any services Company may request.  Employee further warrants that in connection with his employment by Company or its affiliates that Employee does not possess and/or has not and will not use any confidential or proprietary information, trade secrets and/or other property of any kind which will violate or could result in a violation of any contract, agreement or legal right of any other party.

5.    Employee At-Will.  Employee acknowledges and agrees that although Employee's employment and/or continued employment with Company is contingent upon acceptance and observance of the terms of this Agreement, that this Agreement shall not be construed to change the at-will nature of Employee's employment with Company nor construed in any other way to make Employee's employment with Company other than terminable at-will at any time by Company or Employee.

6.    Scope, Reasonableness and Enforceability.  Employee agrees that the covenants and other provisions, obligations, limitations and restrictions contained in this Agreement, including but not limited to those in Section 3 pertaining to time, geographical area, and scope of activity, are reasonable.  However, if any court shall determine that the covenants and/or other provisions, obligations, limitations and restrictions herein, including but not limited to those in Section 3 pertaining to time, geographical area, and scope of activity, are not enforceable as written herein, it is the intention of Employee that such restrictive covenant and/or other provision, obligation, limitation and/or restriction set forth herein shall not thereby be terminated but shall be deemed amended to the extent required to render it valid and enforceable.  Further, Employee intends that the

Employee's initial

covenants and other provisions, obligations, limitations and restrictions contained herein shall be construed as a series of separate covenants by Employee, so that if any covenant and other provision, obligation, limitation or restriction in this Agreement shall be held wholly unenforceable by the final determination of a court of competent jurisdiction, the remaining covenants and other provisions, obligations, limitations and restrictions shall nevertheless be given full effect.

7.    <u>Remedies; Injunctive Relief</u>.  Employee agrees that it would be difficult to measure the damage to Company from any breach by Employee of the covenants or other provisions, obligations, limitations or restrictions set forth herein, that injury to Company from any such breach would be impossible to calculate, and that money damages would therefore be an inadequate remedy for any such breach.  Accordingly, Employee agrees that in the event of any breach or threatened breach of any term of this Agreement, Company shall be entitled, in addition to and without limitation of all other remedies it may have, to obtain injunctive or other relief to restrain any such breach without showing or proving any actual damage to Company.  Employee agrees that the covenants and other provisions, obligations, limitations and restrictions in this Agreement, including the terms of this Section, shall survive termination or resignation of Employee's employment.

8.    <u>Governing Law and Venue</u>.  This Agreement shall be governed by and interpreted and construed in accordance with the laws of the State of Mississippi without applying the conflict of laws rules of such State and is deemed to have been made and executed in Jones County, Mississippi.  Employee agrees that any litigation involving this Agreement shall be brought exclusively in the Chancery Court, Second Judicial District, Jones County, Mississippi, and Employee agrees to the jurisdiction thereof and expressly waives any objection to such jurisdiction and venue and agrees to subject himself thereto.  Employee specifically waives any right to trial by jury.

9.    <u>Assignment</u>.    This Agreement shall not be assignable by Employee, but Employee acknowledges that Company shall have the right to assign, with absolute discretion, any or all of its rights under this Agreement (including, without limitation, to the successors and assigns of Company), and this Agreement will inure to the benefit of, and be binding upon, such respective successors and assigns of Company, in the same manner and to the same extent as if such successors and assigns were original parties hereto.

10.    <u>Miscellaneous</u>.   This Agreement represents the entire understanding and agreement of the Employee concerning the subject matter hereof and supersedes all prior communication and agreements of Employee concerning the subject matter hereof, whether oral or written, provided that any prior confidentiality or non-disclosure obligation of Employee to Company shall remain in full force and effect.  The waiver by Company of a breach of any of the provisions of this Agreement by Employee, nor waiver by Company of a breach of any of the provisions of any other same or similar agreement with any other employee of Company, shall be construed as a waiver of any breach of this Agreement by Employee.  No amendment, modification, or waiver of the provisions of this Agreement shall be effective unless in writing and signed by Employee and Company.

BY SIGNING BELOW, EMPLOYEE ACKNOWLEDGES THAT HE/SHE HAS RECEIVED A COPY OF THIS AGREEMENT, HAS READ AND UNDERSTANDS THE PROVISIONS OF THIS AGREEMENT, AGREES THAT THE PROVISIONS OF THIS AGREEMENT ARE REASONABLE, AND VOLUNTARILY AGREES TO ABIDE BY ITS TERMS.

WITNESS MY SIGNATURE, this the _18th_ day of _October_, 20_21_.

EMPLOYEE:                                           WITNESS:

Signature: _____                          Signature: _____

_Stephen  Calogrides_                               _Becky Althmyer_
(Employee Name) – Type or Print                     (Witness Name) – Type or Print

Page 3 of 3

Employee's initial _____

**Richard L. Yoder**

| | |
|---|---|
| **From:** | Stephen Calogrides <stephen.calogrides@gmail.com> |
| **Sent:** | Monday, January 16, 2023 1:40 PM |
| **To:** | Richard L. Yoder |
| **Subject:** | Re: Business Protection Agreement with Howard Industries, Inc. ("Agreement") |
| **Attachments:** | 1.9.22 Letter to Stephen Calogrides.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Mr. Yoder,

I received your email and the attached documents only recently. I did not receive the November 3rd letter that is mentioned in your letter, although I'm not sure why or what happened with delivery.

Please know that my current job role and responsibilities are different from my responsibilities when I was working for Howard.

Can you give me a few additional days to find an attorney?

Stephen

On Jan 9, 2023, at 5:06 PM, Richard L. Yoder <rly@laurellaw.com> wrote:

Mr. Calogrides
Please see my attached letter. As stated in the attached letter, you must contact me on or before January 16, 2023, to confirm that you will comply with the Agreement. If you do not contact me by that date, I will take appropriate action on behalf of Howard Industries, Inc. to enforce the Agreement.
Dick Yoder

Richard L. Yoder
Gilchrist Sumrall Yoder Yoder & Leggett, PLLC
415 North Magnolia, Suite 400
P.O. Box 106
Laurel, MS 39441-0106
Telephone: 601-649-3351
Facsimile: 601-426-9625
Email: rly@laurellaw.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain confidential infomraiton which may be protected by the attorney-client and/or work-product privilege and is for the sole use of the intended recipient. Any reliance upon, use, reading, disclosing, copying or distributing of this e-mail is strictly prohibited. If you are not the intended recipient, please notify the sender by reply e-mail, and delete this e-mail and any attachments form your system. Thank you for your cooperation.

IN THE CHANCERY COURT OF SECOND JUDICIAL DISTRICT,
JONES COUNTY, MISSISSIPPI

HOWARD INDUSTRIES, INC.

PLAINTIFF

vs.

CAUSE NO.: 023-0224

STEPHEN CALOGRIDES

DEFENDANT

**SUMMONS**

THE STATE OF MISSISSIPPI
TO:   Stephen Calogrides
      Transformyx, Inc.
      6867 Blue Bonnet Blvd.
      Baton Rouge, LA 70810

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

      You are required to mail or hand deliver a copy of a written response to the Complaint to
Richard L. Yoder, the attorney for the Plaintiff, whose post office address is P.O. Box 106,
Laurel, MS 39441. Your response must be mailed or delivered within (30) days from the date of
delivery of this Summons and Complaint or a judgement by default will be entered against you
for the money or other things demanded in the complaint.

      You, must also file the original of your response with the Clerk of this Court within a
reasonable time afterward.

      Issued under my hand and the seal of said Court this 21st, day of *Chancery Clerk* , 2023.

_____
Clerk of Jones County, Mississippi



State of Mississippi County of Jones
SECOND JUDICIAL DISTRICT
I, Bart Gavin, Chancery Clerk in and for said County and State, do
hereby certify that the above and foregoing is a true and correct
copy of the original instrument as same appears of record on file in the
office of the Chancery Clerk at Laurel, Jones County, Mississippi.
Given under my hand and official seal, this the _____ day of
_____ A.D. 20___
BART GAVIN, Chancery Clerk,
Jones County, Mississippi
By_____

## PROOF OF SERVICE - SUMMONS

**Stephen Calogrides**                                          Cause No. _____

      I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

      _____ **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date state in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

      _____ **PERSONAL SERVICE.** I personally delivered copies to _____, on the _____ day of _____, 2023, where I found said person(s) in _____ County of the State of_____.

      _____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County. I served the summons and complaint on the _____ day of _____, 2023, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2023, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

      _____ **CERTIFIED MAIL SERVICE.** By mailing to an address outside. Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused")

      At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: [*Please print or type*]

Name_____

Social Security No._____

Address:_____                    ....

_____

Telephone No._____

State of Mississippi
County of _____

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service - Summons" are true and correct as therein stated.

_____
Process Server (Signature)

Sworn and subscribed to before me this the _____ day of _____, 2023.

_____
Notary Public

(Seal)

My Commission Expires:
_____

# IN THE CHANCERY COURT OF JONES COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

### Bart Gavin

### Chancery Clerk

Receipt No. 5646                         Date: 4/21/2023

Received From:     RICHARD YODER
Transaction Type: Filing Fee
Payment:           Check - 47827
Clerk:             Jeannetta Brown
Comments:

| Case No. | Case title | Amount Paid | |
|---|---|---|---|
| 34CH2:23-cv-00229 | HOWARD INDUSTRIES, INC v. CALOGRIDES | **Total fee:** | **$158.00** |
| | | Clerk: | $85.00 |
| | | Judicial: | $40.00 |
| | | Elec. Court: | $10.00 |
| | | Legal Asst: | $5.00 |
| | | Educ and Train: | $2.00 |
| | | Court Constit: | $0.50 |
| | | Court Reporter: | $10.00 |
| | | Court Adm: | $2.00 |
| | | Law Library: | $2.50 |
| | | Archive: | $1.00 |